But it is said in the *scire facias* that, by the distributive account, £25.18.10¼ were found to be due to John Vanhorn, one of the heirs of Jacob Vanhorn. This is a repugnance in the *scire facias* which contradicts the right of John Vanhorn to recover anything under the will of the testator, and, of course, he shows no title to receive this money. This objection is fatal. It is impossible that the plaintiff below can take anything by this writ.

It is not necessary to decide whether the account is a judicial or extrajudicial act, for without setting out the will, the account is not sufficient. In this case it could only be evidence. It was not competent to authorize a recovery; that is, it gave no title to the plaintiff below, for the will alone entitled the legatees to the residuary part of the personal estate if it were disposed of.

The conclusion of the *scire facias* is right. According to the terms of the Act, the party is to be summoned to show cause why execution shall not issue upon the said judgment. Now the words, "the said judgment," must mean the sum for which judgment is rendered on the bond. And this is consistent with the whole course of proceeding prescribed by the Act of Assembly on such bonds. The judgment remains cautionary, for the satisfaction of all others who may be damnified; and the *scire facias* must be issued for the sum mentioned in such judgment.

BOOTH, Chief Justice, WARNER and COOPER, Justices of the Court of Common Pleas, and PAYNTER, Justice of the Supreme Court, who was not a judge when the judgment was rendered below, concurred.

Judgment reversed.

JACOB BROOM'S EXECUTOR v. DAVID ALRICH.

High Court of Errors and Appeals. June 13, 1818.

*Ridgely's Notebook II, 135.*